UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2016 MAR -7 PM 3: 53

Case No. 6:16-cv-394-ORL-28 DAB

BRANDON TODD OAKEY,

        Plaintiff,

vs.

SUNTRUST MORTGAGE INC.,

        Defendant.

_____/

## COMPLAINT

Plaintiff, Brandon Todd Oakey sues Defendant, Suntrust Mortgage Inc. and for his complaint alleges:

1. This is a complaint for monetary damages.

2. The Defendant, Suntrust Mortgage Inc. (hereafter "Suntrust") violated the Telephone Consumer Protection Act (TCPA) 47 USC § 227, et. seq. and its implementing regulations at 47 C.F.R. § 64.1200, et. seq. and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. (hereinafter "FCCPA").

I
PARTIES

3. The Plaintiff, Brandon Todd Oakey (hereafter "Oakey") is a natural person and citizen of Brevard County, Florida.

Page 1 of 9

4. Suntrust is a registered foreign profit corporation in Florida with a principal place of business at 901 Semmes Avenue, Richmond, VA 23224. Its registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

## II
## JURISDICTION AND VENUE

5. This Court has jurisdiction to grant relief pursuant to 28 U.S.C. §1331 and 47 U.S.C. §227(b)(3) and pursuant to 28 U.S.C. § 1367.

6. Suntrust transacts business in the State of Florida. The conduct complained of which gives rise to the causes of action occurred in the County of Brevard. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. 1391(b)(2) and (c), as the claims arose from acts of Defendants perpetrated therein.

## III
## COMPOSITE EXHIBITS

7. Attached to this Complaint are Composite Exhibits. The Composite Exhibits are incorporated and made a part hereof as Composite Exhibit "A" and are given Bates numbers on the bottom of each page. Any reference made to Composite Exhibit "A" shall be as follows: "Composite Exhibit "A" page ___"

## IV
## FACTUAL ALLEGATIONS

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

9. On November 4, 2007, Oakey obtained a mortgage on his family home from Cornerstone Home Mortgage Corp. (hereafter the "debt"). (Composite Exhibit A, pages 1 - 3)

10. The debt became defaulted on October 1, 2010, Federal National Mortgage Association ("Fannie Mae") is the owner of the debt and Suntrust is the servicer of the debt. (See Foreclosure Complaint, para. 4, *Suntrust v. Oakey*, Brevard County Circuit Court case number 05-2014-CA-045400-XXXX-XX, DOC. 4)

11. On information and belief, the debt was assigned to Fannie Mae after it became defaulted.

12. On information and belief, Suntrust began servicing the loan after it became defaulted.

13. Suntrust did not have consent to call Oakey's cellular telephone.

14. In order to collect the debt, Suntrust began placing calls to Oakey's cellular telephone number 321-216-7132.

15. On July 30, 2012, Oakey's counsel, Joseph Colombo, delivered by certified mail a cease contact demand to Suntrust. The cease contact demand advised Suntrust that Oakey had counsel who was representing him in regard to the debt, it provided the name, address and telephone number of Joseph Colombo and it advised that further communication about the debt was to be directed to Joseph Colombo. (Composite Exhibit A, pages 4 - 5)

16. After July 30, 2012, Suntrust telephoned Oakey's cellular telephone hundreds of times in an attempt to collect payment on the defaulted debt. None of these calls were with Oakey's consent to place the calls, or to advise Oakey that Suntrust's further collection efforts were being terminated, or that Suntrust may invoke specified remedies which are ordinarily

invoked by Suntrust, or that Suntrust is invoking a specified remedy, or that an emergency existed.

## V
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
Violation of the TCPA - 47 USC § 227, *et. seq.*

17. Oakey re-alleges and incorporates by reference paragraphs 1 through 16, above, as if fully set forth herein.

18. Suntrust did not have consent to contact Oakey.

19. Suntrust knew that Oakey was represented by counsel and that Oakey's counsel had issued a Cease Contact Demand to Suntrust which revoked all prior consent to contact Oakey. Suntrust willfully and knowingly violated the TCPA when it called Oakey after receiving the cease contact demand.

20. Suntrust placed hundreds of telephone calls to Oakey's cellular telephone number without consent.

21. Suntrust caused Oakey actual damages for pain and suffering, mental and emotional distress, anxiety, loss of sleep and nervousness from the repeated calls to his cellular telephone.

22. Suntrust caused Oakey actual damages from costs associated with the use of his available minutes on his cellular telephone and costs incurred in obtaining legal counsel to assist in causing the telephone calls to cease.

23. On information and belief, Suntrust used an artificial or prerecorded voice in the beginning of each call in violation of 47 U.S.C. § 227(b)(1).

24. Suntrust willfully or knowingly violated the automated-call requirements of 47 U.S.C. § 227(b)(1) and 47 C.F.R. § 64.1200(a)(1) by making calls to the Plaintiff's cellular telephone or by authorizing an agent to do so:

   a. through the use of an automatic telephone dialing system.
   b. by using an artificial or prerecorded voice in the beginning of each call.

25. "The term "automatic telephone dialing system" means equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)

26. On information and belief, Suntrust or it's authorized agent, used a predictive dialer to place the calls to Oakey's cellular telephone. A a predictive dialer is:

   > Equipment that dials numbers and, when certain computer software is attached, also assisted telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order ... [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dialer calls them at rate to ensure that when a consumer answers the phone, a sales person is available to take the call.

(See *Conglio v. Bank of America*, 8:14-cv-01628; 2014 WL 6882294 (M.D.Fla., 12/4/2014), *also see*, 2008 TCPA Order 23 FCC Rcd. at 566, para. 12, *and see* 2003 TCPA Order, 18 FCC RCD. AT 14091, PARA. 131).

**WHEREFORE**, Oakey prays for judgment against Suntrust as follows:

   a.   Enjoining the violation pursuant to 47 USC §227(b)(3)(A).

    b.    Actual damages for pain and suffering and emotional distress, for loss of available minutes on Oakey's cellular telephone and for the legal costs associated with his counsel's creation of and mailing of a cease contact demand letter to Suntrust.

    c.    Statutory damages for each call pursuant to 47 USC §227(b)(3)(B).

    d.    Treble statutory damages for each call due to Suntrust's willful or knowing violation of 47 USC §227(b)(3).

## VI
## SECOND CAUSE OF ACTION
### Violation of the Florida Consumer Collection Practices Act
### § 559.72(18), Fla. Stat. (2015)

27. Oakey repeats and realleges the allegations contained in paragraphs 1 - 16 above as if fully set forth herein.

28. Florida Statutes § 559.72(18) provides:

> In collecting consumer debts, no person shall:
>
> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

29. Florida Statutes § 559.77(2) provides in part:

> the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional...The court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part.

30. Each of Suntrust's telephone calls to Oakey were made by Suntrust at a time when Suntrust knew that Oakey was represented by counsel and when it knew Oakey's counsel's name and address.

31. By Oakey's counsel's cease contact demand, Oakey revoked consent for Suntrust to contact him.

32. Suntrust placed hundreds of telephone calls to Oakey's cellular telephone number without consent.

33. Suntrust caused Oakey actual damages for pain and suffering, mental and emotional distress, anxiety, loss of sleep and nervousness from the repeated calls to his cellular telephone.

34. Suntrust caused Oakey actual damages from costs associated with the use of his available minutes on his cellular telephone and costs incurred in obtaining legal counsel to assist in causing the telephone calls to cease.

35. Oakey has been "the object of collection activity arising from consumer debt".

36. Oakey is a "Consumer" pursuant to the FCCPA in that she is a natural person and was allegedly obligated to pay a debt arising out of a transaction where the money or services which were the subject of the transaction were primarily for personal purposes, to wit: a mortgage loan on a personal residence which merged into a final judgment of foreclosure.

37. The debt at issue under the FCCPA was primarily for personal, family, or household purposes. The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Fla. Stat. § 559.55(1).

38. Suntrust has engaged in an act or omission prohibited by the or FCCPA.

39. Suntrust is a "debt collector" within the definition established by the FCCPA, Fla. Stat. § 559.55(6), in that it uses the U.S. Mails within this state in a business, the principal purpose of which is to to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

40. Suntrust is a "consumer collection agency" within the definition established by the FCCPA, Fla. Stat. § 559.55(7) in that it is a business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.

41. Suntrust regularly engages in the collection of consumer debts.

42. Suntrust is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

43. **WHEREFORE**, Oakey prays for judgment against Suntrust as follows:
    a. Enjoining the violation.
    b. Actual damages for pain and suffering and emotional distress, for loss of available minutes on Oakey's cellular telephone and for the legal costs associated with his counsel's creation of and mailing of a cease contact demand letter to Suntrust.
    c. Statutory damages.
    d. Attorneys' fees and costs.

VII

DEMAND FOR TRIAL BY JURY

44. Oakey demands a trial by jury for the violations of the TCPA and FCCPA as Suntrust is not a party to the mortgage loan contract.

/s/ George M. Gingo
George M. Gingo, 0879533
400 Orange Street
Titusville, FL 32796
321-264-9624 Office
866-311-9573 Fax
gingo.george@gmail.com

**COMPOSITE EXHIBIT A**

Page 9 of 9